UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

| | |
|---|---|
| LINDA WILLIAMS,         ) | |
|            ) | |
|            ) | Civil Action No. 06-109-JMH |
|     Plaintiff,     ) | |

LINDA WILLIAMS,                    )
                                   )
                                   )   Civil Action No. 06-109-JMH
        Plaintiff,                 )
                                   )
v.                                 )
                                   )   **MEMORANDUM OPINION AND ORDER**
CRACKER BARREL OLD COUNTRY         )
STORE, INC., and                   )
JIM SUBLETT,                       )
                                   )
                                   )
        Defendants.                )
                                   )

                    **        **        **        **        **

Before the Court is Plaintiff's motion to remand [Record No. 2], to which Defendants responded [Record No. 3] and Plaintiff replied [Record No. 4]. The matter having been fully briefed is ripe for decision.

### BACKGROUND

On April 11, 2005, Plaintiff, Linda Williams ("Williams"), filed an action in Madison Circuit Court against her former employer, Cracker Barrel Old Country Store, Inc. ("Cracker Barrel"), and her former supervisor, Jim Sublett ("Sublett"). The complaint alleges state law claims of age discrimination against Cracker Barrel and intentional infliction of emotional distress ("IIED") claims against both defendants.

Defendants removed the action on April 11, 2006, a year after the complaint was filed, alleging that the Court has diversity jurisdiction because the parties are diverse and the amount in

controversy exceeds $75,000.00.[1]  Cracker Barrel has its principal
place of business and is incorporated in Tennessee.  Both Plaintiff
and Sublett are residents of Kentucky, but Defendants argue that he
was improperly joined so his residency should be ignored.

Although the notice of removal was filed a year after the
complaint, Defendants maintain that the notice complies with the
time limits for removal because the notice was filed within thirty
days after they received information demonstrating that removal was
proper.  Defendants argue that they did not have sufficient
information that Sublett was fraudulently joined until his
deposition on April 10, 2006, the day prior to filing the notice of
removal.

**ANALYSIS**

*A. Propriety of Removal*

A case may only be removed if it could have been originally
brought in federal court, and as there is no federal question,
jurisdiction is only proper if the parties are completely diverse
and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C.
§ 1441(a); 28 U.S.C. § 1332.  "[A] party seeking to bring a case
into federal court carries the burden of establishing diversity
jurisdiction."  *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th
Cir. 1999) (internal quotation marks omitted).

---

[1] Plaintiff does not contest the amount in controversy exceeds
$75,000.00.

The burden is on Defendants to show fraudulent joinder and, as with any dispute over removal, all doubts are to be resolved against removal. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999); *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493.

The Sixth Circuit has held that "if there is a colorable basis for predicting that a plaintiff *may* recover against non-diverse defendants, th[e] Court *must remand* the action to state court." *Id.* (emphasis added); *see also Jerome-Duncan, Inc. v. Auto-By-Tel*, *L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). Any ambiguities in the relevant state law must be taken in the light most favorable to the plaintiff. *See Alexander*, 13 F.3d at 949.

Pursuant to Kentucky law, in order to state an IIED claim, Plaintiff must allege that: 1) the defendant's conduct was intentional or reckless; 2) the conduct was outrageous "in that it offends against the generally accepted standards of decency and morality"; 3) there is a causal connection between the defendant's conduct and the plaintiff's emotional distress; and 4) the plaintiff's emotional distress was severe. *Craft v. Rice*, 671 S.W.2d 247, 249 (Ky. 1984).

Pursuant to 28 U.S.C. § 1446(b), the notice of removal must be

3

filed within thirty days after service of the initial pleading,
unless "the case stated by the initial pleading is not removable"
and a notice of removal is filed:

> within thirty days after receipt by the
> defendant, through service or otherwise, of a
> copy of an amended pleading, motion, order or
> *other paper* from which it may first be
> ascertained that the case is one which is or
> has become removable except that a case may
> not be removed on the basis of jurisdiction
> conferred by section 1332 of this title more
> than 1 year after the commencement of the
> action.

28 U.S.C. § 1446(b) (emphasis added).  When the action was
initially not removable but the defendant receives an "other paper"
from which it is first ascertained that the case is removable, the
time period begins to run when the defendant first ascertains that
the action is removable.  *Effinger v. Philip Morris, Inc.*, 984 F.
Supp. 1043, 1047 (W.D. Ky. 1997).  The Sixth Circuit has held that
"a plaintiff's responses to deposition questioning may constitute
an 'other paper' under Section 1446(b)."  *Peters v. Lincoln Elec.
Co.*, 285 F.3d 456, 466 (6th Cir. 2002).  If the defendant's removal
is untimely, then the matter *must* be remanded.  *Mitchell v. Ky.-
Am. Water Co.*, 178 F.R.D. 140, 142 (E.D. Ky. 1997).

Defendants argue that the complaint was not initially
removable because, although it did not include a factual basis for
the IIED claim against Sublett, it did state the basic elements.
Defendants argue that they first ascertained that the action was
removable after Sublett's deposition and promptly removed the day

4

after.

Plaintiff's complaint alleges that Cracker Barrel "instituted a policy whereby its managers' bonuses were based upon keeping the employee cost down." In furtherance of this policy, in May of 2003, Sublett allegedly told Plaintiff "that he could get two (2) cashiers to work for the same total pay that was being paid to Williams. Further, as a result of this policy Sublett [began] to stop allowing Williams to work overtime." (Pl.'s Compl. ¶ 8.) On September 24, 2003, Sublett terminated Plaintiff for improperly utilizing her discount card, which Plaintiff alleges is pre-text for termination due to her age. The complaint states that "Defendants' conduct and omissions toward Williams . . . was intentional and/or reckless, and exceeds the generally accepted standards of decency and morality, and as such, constitutes conduct which is utterly intolerable in our civilized society." (*Id*. ¶ 22.) The complaint states that the acts of Defendants were "outrageous and extreme" and caused "severe emotional and physical distress to Williams." (*Id*. ¶ 23.) As a result of these actions, Plaintiff claims she suffered damages for "extreme emotional, mental and physical distress, fear, anxiety, humiliation and personal indignity." (*Id*. ¶ 24.)

Defendants argue that for fraudulent joinder, the time period for removal begins when the defendant "first ascertains that a co-defendant has been fraudulently joined" (Defs'. Resp. to Mot. to

Remand 4-5, citing *Alexander v. Duff*, No. 04-142, 2004 U.S. Dist. LEXIS, at *10 (E.D. Ky. Oct. 7, 2004)), which they argue was only after Sublett's deposition.  The Court disagrees with this argument for two reasons.

First, Defendants do not cite any Sixth Circuit case that holds that the initial thirty day time period is inapplicable to fraudulent joinder claims.  *Alexander*, the case cited by Defendants in support, notes the lack of Sixth Circuit authority for this proposition and states, "Nonetheless, most reported opinions have enforced a 30-day removal period that begins to run from the time a defendant first ascertains that a party has been fraudulently joined."  *Id.* at *9.  In *Alexander*, the court held that the defendant pharmaceutical company was first apprised that the co-defendant physician was fraudulently joined upon service of the complaint because the notice of removal stated that the plaintiff's joinder of the physician was part of "pattern of fraudulent joinder."  *Id.* at *10.

Defendants also cite *Effinger v. Philip Morris, Inc.*, 984 F. Supp. 1043 (W.D. Ky. 1997), a similar case wherein the employer was successful in arguing that it first ascertained that the defendant supervisors were fraudulently joined upon taking the plaintiff's deposition and learning that the plaintiff's claims were baseless. *Id.* at 1047.  The court in *Effinger* did not discuss whether the defendant had a duty to reasonably investigate the basis of removal

6

upon the filing of the complaint.

In another case from the Western District, *McCraw v. Lyons*, 863 F. Supp. 430 (W.D. Ky. 1994), the same court held that "[r]emoval offers the defendant thirty days to determine if dual jurisdiction exists and to choose, as of right, which court will hear the case." *Id.* at 433-34. Also, in *Praisler v. Ryder Integrated Logistics, Inc.*, 417 F. Supp. 2d 917 (N.D. Ohio 2006), without deciding to what extent a defendant must investigate the basis for removal, the court held that a defendant must "intelligently ascertain" the citizenship of its co-defendants, even if it is not clear on the face of the complaint. *Id.* at 921.

The Court agrees with *McCraw* and *Praisler* and finds that in situations like the current case, where Defendants are represented by the same counsel, Defendants must reasonably investigate the basis of removal upon receipt of the complaint. In this case, upon interviewing Sublett during the initial thirty day period after service of the complaint, counsel could have intelligently ascertained that Sublett was fraudulently joined.

Even if the Court were to accept that reasonable investigation is not necessary for fraudulent joinder cases, then the latest time period wherein the defendants were apprised that Sublett was fraudulently joined is November 25, 2005, the day of Plaintiff's deposition. At Plaintiff's deposition, she testified that Sublett handed her a letter when she was terminated that detailed the

reason for termination.  (Pl.'s Dep. 22:3-23:9, Nov. 25, 2005.)
She testified to the conversation noted in the complaint that a
couple months prior to her termination, Sublett told Plaintiff that
he could hire two people for the amount of salary she made.  (*Id.*
67:11-22.)  Plaintiff stated she was not aware that Sublett had
ever told anyone that Plaintiff was terminated for her rate of pay.
(*Id.* 69:13.)

Defendants' counsel asked Plaintiff if Sublett had ever said
anything indecent or personally insulting and Plaintiff responded
that Sublett never said anything indecent, but did tell her in
passing that Plaintiff did not "move too fast for anything any
more".  (*Id.* 76:17-25, 77:1-2.)  Other than this comment, Plaintiff
testified that Sublett never said any other comment that was
insulting or unkind.  (*Id.* 77:24-25, 78:1-4.)  Counsel for
Defendants asked Plaintiff if there was anything about Sublett that
would cause her to not want to work at Cracker Barrel and she
responded "no".  Counsel also asked her if she would feel
comfortable working with Sublett and she responded, "I don't know
if I would say that." (*Id.* 79:16-22.)

Also in the deposition, Plaintiff's counsel asked her if there
were any comments that would lead her to believe that someone was
"out to get" her and Plaintiff responded that when two regional
managers were visiting, Sublett told her that "they was going to be
watching [Plaintiff], and if [she] told anyone that, that [Sublett]

8

would have no respect for [her]." (*Id*. 85:1-20.) Finally, Plaintiff testified that Sublett told her that her husband, whom she had been separated from but not divorced, needed to be taken off the company insurance because it was costing the company a lot of money. (*Id*. 86:7-11.)

Assuming Sublett was fraudulently joined, Defendants first ascertained Plaintiff did not have a colorable claim against Sublett after Plaintiff's deposition because no new relevant information was established at Sublett's deposition. For instance, Plaintiff's counsel asked Sublett questions ranging from his general managerial duties to specific questions on Sublett's interactions with Plaintiff. Sublett testified at his deposition that he did not make the decision to terminate Plaintiff. (Sublett's Dep. 28:5-7, Apr. 10, 2006.) Sublett denied making the statements Plaintiff alleged he made. (*See generally, Id*. 44-44, 56, 59-61.) During the deposition, Plaintiff's counsel asked questions concerning the various policies for the discount card and the events occurring after Plaintiff's termination, including Plaintiff's hearing for unemployment insurance. Thus, even assuming Defendants should not have reasonably investigated the claim against Sublett by interviewing their own client after service of the complaint, they were apprised after Plaintiff's deposition on November 25, 2005, and should have removed within thirty days.

Further, when both defendants are represented by the same counsel, the taking of one of the defendants' depositions, a year after the complaint was filed, can not be the time period wherein defendants first ascertain that the action is removable for policy reasons.  If this were the rule, then defendants could wait idly by until *their* clients are deposed by opposing counsel, all the while either not interviewing their clients to determine if they are fraudulently joined, or knowing that the client is fraudulently joined and merely waiting until his deposition to remove the case. Either scenario is displeasing to the Court and contrary to the purposes of timely removal.  *See McCraw*, 863 F. Supp. at 434 (holding that the time limitation for removal has the dual purpose of precluding a "wait and see" approach and minimizing "the delay and waste of resources involved in starting a case over in federal court after substantial proceedings have taken place in state court").

Defendants only case that holds that a defendant's deposition may be the "other paper" from which the remaining defendants first ascertain that the action is removable is an out of circuit case, *Fuqoa v. Gulf, Colo. & Santa Fe Ry.*, 206 F. Supp. 814, 816 (E.D. Okla. 1962), which is distinguished and not persuasive.  In *Fuqoa*, the court held that the defendants had to assume from the pleadings that the plaintiff could offer proof to support her claim of negligence against the railroad company's conductor.  *Id.* at 816.

10

*Fuqoa* is distinguished because it is not apparent that plaintiff's deposition apprised the defendants that the claim against the conductor was without support, as in this case.  Finally, *Fuqoa* is not persuasive because failing to conduct limited investigation into a plaintiff's claims to determine whether subject matter jurisdiction exists is contrary to the purposes of the time limits set by Congress.[2]

B.   *Plaintiff's Request for Fees*

Plaintiff requests fees in making the motion pursuant to 28 U.S.C. § 1447(c), which provides, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The decision whether to award fees is within the discretion of the Court. *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993).  "[A]n award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least *some* finding of fault with the defendant's decision to remove." *Bartholomew v. Town of Collierville*, 409 F.3d 684, 687 (6th Cir.

---

[2]   The remaining cases cited by Defendants are not on point because they involve findings that *plaintiffs'* depositions first apprised the defendants that the action was removable, which the Court does not contest is a correct statement of the law in the Sixth Circuit and the majority of other circuits. *See e.g.*, *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 466 (6th Cir. 2002) (holding that a plaintiff's deposition is considered "other paper" from which a defendant may first be apprised that the action is removable).

11

2005) (internal citations omitted); *see also Praisler,* 417 F. Supp. 2d at 921 ("fees must be awarded if the removing parties' argument was 'devoid of even fair support'").

In the case at hand, although the Court did not find Defendants' argument that the time period began running upon the taking of Sublett's deposition persuasive, the argument was not "devoid of even fair support." *Praisler,* 417 F. Supp. 2d at 921. Defendants cited an out of circuit case that permitted a *defendant's* deposition to be considered "other paper" that first apprises the defendant of the circumstances warranting removal. *Fuqoa*, 206 F. Supp. at 816. Even though this argument was ultimately rejected by the Court for the reasons stated above, it was 'fairly' supported and, therefore, the Court denies an award of fees.

### CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

(1) That Plaintiff's motion to remand [Record No. 2] be, and the same hereby is, **GRANTED.**

(2) That the matter be, and the same hereby is, **REMANDED TO MADISON CIRCUIT COURT.**

(3) That Plaintiff's request for fees be, and the same hereby is, **DENIED.**

This the 28th day of June, 2006.



Signed By:

**_Joseph M. Hood_**

**United States District Judge**